## No. 9163.

### JOHN PASLEY vs. MRS. ANN McCONNELL.

In a suit to recover immovable property and to annul a Sheriff's sale, under which defendant claims title thereto, accompanied by more than one year's possession, a sequestration of the property should not be ordered without the usual bond, on an allegation that the defendant is collecting the revenues and fails to pay the taxes and make the necessary repairs to the property.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J. ——

*W. S. Benedict*, for Plaintiff and Appellant.

*J. Magioni*, for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J.   The plaintiff brought suit against the defendant to recover certain immovable property situated in this city, and to annul a sheriff's sale, under which defendant purports to have acquired title thereto. Alleging that the defendant was collecting the revenues of the property and failing to pay the taxes due thereon, and also failing to make the necessary repairs, the plaintiff asked that the property be judicially sequestered during the pendency of this suit.

Subsequently he took a rule on the defendant to show cause why the sequestration should not issue. He made affidavit to the facts of the petition, but tendered no bond. The judge below rejected the application and dismissed the rule, and from this judgment the plaintiff has appealed. We think the judgment should not be disturbed.

We learn from the petition that the defendant is in possession of the property in dispute, and had been for more than eighteen months prior to the institution of the suit under a sheriff's sale.

We know of no law that would authorize the court, under the facts shown, to judicially sequester the property without requiring a bond.

Article 274, C. P., authorizes a court to order a sequestration ex-officio, of real property where the title to such property is in dispute and where one of the parties does not seem to have a better right than the other.

It is further provided—C. P. 275—that a sequestration may be ordered at the request of one of the parties to the suit; and the third clause of this article authorizes the issuing of the writ for the very causes set forth in this instance, *i. e.*—wasting the revenues and suffering the property to become dilapidated, etc.   The next Article (C. P. 276) prescribes, in substance, that a party demanding a sequestration for any of the causes set forth in the preceding article must annex to his petition his affidavit as to the facts and execute his bond for such amount as the judge shall determine, with proper surety, to be responsible for such damages as the defendant may sustain, etc.

We see nothing in the instant case to dispense the plaintiff from compliance with this positive requirement of the law touching the giving of the prescribed bond.

Judgment affirmed, with costs.